**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**v.**                          **Case No. 4:21-CR-00133-LPR-1**

**MICHAEL SCALES**                                              **DEFENDANT**

## ORDER

In May of 2022, Mr. Scales pled guilty to being a felon in possession of a firearm.[1]  At his sentencing hearing in June of 2022, Mr. Scales was determined to be an Armed Career Criminal and given a prison term of 210 months.[2]  The Armed Career Criminal determination was a surprise to no one.  Mr. Scales had already acknowledged, in his plea agreement, that his past convictions made him an Armed Career Criminal under 18 U.S.C. § 924(e).[3]

On March 30, 2023, pursuant to 28 U.S.C. § 2255, Mr. Scales filed a Motion to Vacate, Set Aside, or Correct Sentence.  As his sole ground for relief, Mr. Scales alleged that his "[t]rial counsel was constitutionally ineffective" because Mr. Scales received an ACCA enhancement "based in part on a conviction under [Arkansas's aggravated robbery statute], which did not qualify as a violent felony under *United States v. Eason*, 829 F.3d 633, 642 (8[th] Cir. 2016)."  That's essentially the sum and substance of the entire Motion.[4]

There are at least two fatal problems here.  First, Mr. Scales never actually alleged what his counsel did or did not do that amounted to ineffectiveness.  Certainly, the Court could guess at

---

[1] Change of Plea Hr'g Minutes (Doc. 52); Plea Agreement (Doc. 53).

[2] Judgment (Doc. 62).

[3] Plea Agreement (Doc. 53) at 4–5.  One might reasonably ask why a defendant would agree to something like qualification under ACCA, which results in a sentencing range of 15 years to life.  This case serves as a good example answer.  In exchange for the defendant's plea and ACCA concession, the United States dropped four other very serious charges, each holding the risk of significant consecutive sentences.  *See id.* at 1; Change of Plea Hr'g Minutes (Doc. 52).

[4] Doc. 64.

what Mr. Scales might be saying his counsel did wrong.  But that would just be speculation. Second, and more importantly, the Eighth Circuit has made clear that an Arkansas robbery conviction—and therefore an Arkansas aggravated robbery conviction—is a violent felony for purposes of triggering ACCA.[5]  The case relied on by Mr. Scales (*United States v. Eason*) was not good law by the time he was sentenced.[6]

Mr. Scales has, at least implicitly, conceded the foregoing.  After the United States made these arguments in its Response to his Motion, Mr. Scales filed a Reply that did not address the United States' arguments.[7]  Indeed, Mr. Scales's Reply did not mention his Arkansas aggravated robbery conviction at all.[8]  His decision not to fight on this ground speaks volumes.

Instead of addressing the United States' arguments concerning the aggravated robbery conviction, Mr. Scales's Reply focused on the other two Arkansas convictions that served as ACCA predicates here.[9]  Those convictions were both for possession with intent to deliver methamphetamine.[10]  Mr. Scales's Reply argued that his lawyer should have known those convictions were not controlled substance offenses for purposes of ACCA.[11]  The Court will not address this argument.  It is an entirely new allegation that was not presented in Mr. Scales's

---

[5] *See, e.g.*, *United States v. Mallett*, 66 F.4th 734, 735–36 (8th Cir. 2023) (collecting cases).

[6] *See, e.g.*, *United States v. Smith*, 928 F.3d 714, 716–17 (8th Cir. 2019).

[7] Reply (Doc. 67).

[8] *Id.*

[9] *Id.* at 2–4.

[10] *Id.* at 2–3.

[11] *Id.* at 3–4.

original Motion.[12]  And Mr. Scales has not sought to amend his original Motion to include the new allegation.[13]

Mr. Scales's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 64) is DENIED.  The Court finds that no hearing is necessary because the Motion, filings, and case record conclusively show that Mr. Scales is not entitled to relief.  The Court denies a certificate of appealability because no reasonable jurist could reach a different outcome.

IT IS SO ORDERED this 22nd day of January 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[12] *See Smith v. United States*, 256 F. App'x 850, 852 (8th Cir. 2007) (concluding that a district court may dismiss claims raised for the first time in a § 2255 reply brief) (citing *Hohn v. United States*, 193 F.3d 921, 923–24 n.2 (8th Cir. 1999)); *Fish v. United States*, 748 F. App'x 91, 92 n.2 (8th Cir. 2019) (finding that a *pro se* § 2255 petitioner could not properly raise new issues in his reply brief).

[13] *Cf. Carlson v. Hyundai Motor Co.*, 164 F.3d 1160, 1162 (8th Cir. 1999) ("A district court does not abuse its discretion in failing to invite an amended complaint when plaintiff has not moved to amend and submitted a proposed amended pleading.").